## ESTATE OF JOHN C. KEENAN.

### No. 3414—Jan. 15, 1877.

ACCOUNT OF EXECUTOR.—GROUNDS FOR RE-OPENING ACCOUNT.

A minor, who has come of age, permitted to re-open the executor's account for the reasons:

1. Executor, in the capacity of attorney in fact for a claimant, making affidavit to claim, which was subsequently allowed by himself, as executor, and paid by him in the course of administration.

2. Executor presents his individual claim, which is allowed by a co-executor, but not by the Judge, until after the time for presentation of claims has expired.

### August 22, 1878.

ADOPTION.—WILL.—A statement in a will, "A. B., my adopted son" is, *prima facie*, evidence of such relationship.

RIGHT TO ADMINISTER.—Such a statement is evidence that the party named is entitled to administer, or to request the appointment of another person as administrator.

Construing sections, C. C. P., 1365, 1637, 1962.

*G. W. Gordon,* for executor.

*F. C. M. Du Brutz* and *S. G. Harper,* for devisee.

The executor, Wetzlar, was the attorney in fact of Annie Tryon, who held a note against the deceased.  The executor, as such attorney in fact, made affidavit to a claim on behalf of said Annie Tryon, and then as executor allowed the claim, Annie Tryon being absent from the State.  He also presented the claim for approval.  After such approval he as executor paid to himself as attorney in fact various sums upon the claim, which he remitted to Annie Tryon, and such sums were included in his account heretofore settled.

The executor held a claim against the deceased, which was allowed by a co-executor, but was not presented to the Judge for allowance until after the time for presentation of claims. Various sums were reported in the account as paid to Wetzlar.

Under a special act of the Legislature the executors borrowed a large sum of the Capital Savings Bank, of which the executor Wetzlar was President, and to secure the same executed a mortgage of the real estate of the estate. The money was to be repaid in instalments, interest being computed at one per cent. per month. Some of this money was used to pay upon the above mentioned claims of Tryon and Wetzlar.

The devisee asks that the settlement of the account of the executors may be re-opened, to the end that he may contest the same so far as it relates to the items above referred to. At the time of settling the account the devisee was a minor, and has recently come of age.

By the COURT: The order asked for must be granted.

August 22, 1878.

*R. H. Lloyd,* for William Doolan.

*Geo. Cadwalader,* for J. I. Felter.

The Public Administrator of this City and County petitions for letters of administration with the will annexed.

James I. Felter also petitions for letters, and has the request of R. C. Clark, assignee of a legacy, of Live Oak Lodge, No. 3, I. O. O. F., of Savannah, Georgia, and of George B. Keenan. The latter is mentioned in the will as the adopted son of the testator.

Robert F. Miller petitions for letters as guardian of Willie M. Keenan, a minor son of the wife of testator.

By the COURT: The Public Administrator is by law entitled to letters as against all of the above named persons except the nominee of George B. Keenan. There is no evidence of the adoption of said George by testator except the

clauses in the will where he speaks of him as "my adopted son, George B. Keenan;" and the point in controversy is, do the statements in the will that he was the adopted son of testator afford *prima facie* evidence of the adoption.

The Supreme Court have held that a statement in a will as to parentage by birth may be received as *prima facie* evidence, and no reason is apparent why the same rule should not apply to this case.

The petitions of the Public Administrator and of Robert F. Miller are denied, and the petition of James I. Felter is granted.